UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
                                                             :
INVINCIBLE IP LLC,                                           :
                                                             :      ORDER GRANTING MOTION
                                             Plaintiff,      :      TO DISMISS THE COMPLAINT
                   -against-                                 :
                                                             :             22 Civ. 4490 (AKH)
SAS INSTITUTE INC.,                                          :
                                                             :
                                            Defendant.       :
                                                             :
------------------------------------------------------------ X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Invincible IP LLC ("Plaintiff") brings this suit against Defendant SAS Institute Inc. ("Defendant"), alleging infringement of two related methods patents, U.S. Patent Nos. 8,954993B2 (the "'993 Patent") and 9,479,472B2 (the "'472 Patent"), in violation of 35 U.S.C. § 271. (Complaint ("Compl.") ¶¶ 11, 25, ECF No. 1.) Defendant moves to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Complaint fails to allege plausibly any of the key elements to sustain a claim for patent infringement. (ECF No. 11.) For the reasons stated below, the motion is granted with leave to amend.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must plead "enough factual matter" that when taken as true, "state[s] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. To properly plead a claim for patent infringement under Section 271, a complaint must at minimum (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked. *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

1

Following the 2015 amendments to the Federal Rules of Civil Procedure, which abrogated Form 18, patent infringement claims are assessed under the plausibility standard of *Twombly* and *Iqbal* to survive a motion to dismiss. *See Disc Disease Sols. Inc. v. VGH Sols. Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Under this standard, a plaintiff must allege "enough facts" and "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a plaintiff "need not prove its case at the pleading stage" and must provide only notice of what activity is being accused of infringement, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018), at a bare minimum, to survive a motion to dismiss, a complaint alleging patent infringement must (1) attach the asserted patents to the complaint, (2) specifically identify the accused products and attach photographs of them to the complaint, and (3) allege that that the accused products meet each and every element of at least one claim of the asserted patents. *See Disc Disease*, 888 F.3d at 1260. Plaintiff has failed to meet this standard and also has not satisfied the requirements of either Rule 8 or Section 271.

To begin, Plaintiff does not specifically identify the accused *product*. Instead, Plaintiff alleges that "Defendant provides for its customers use SAS Institute ('the Accused Instrumentality')." Compl. ¶ 7. However, elsewhere Plaintiff alleges that SAS Institute, the Defendant, is "a corporation." *Id.* ¶ 3. Plaintiff appears to allege that Defendant itself is both product and defendant. The Complaint next includes a series of screenshots from Defendant's website that include and mirror language contained in the claims of Plaintiff's patents. *Id.* ¶¶ 14–20, 28–32. These allegations give the impression that the screenshots reflect or comprise a single product (the Accused Instrumentality); however, as the exhibits attached to

Defendant's motion illustrate,[1] the screenshots are excerpted from at least five different webpages and relate to four different products offered by SAS.  *See* Declaration of Elizabeth Brannen, ECF Nos. 12-1–12-11.  The pleadings fail to provide notice to Defendant of the infringing activity of which it is accused or to allege plausibly that one or more of Defendant's products infringe Plaintiff's patents.  Because the complaint does not satisfy the requirements of Fed. R. Civ. P. 8(a), 35 U.S.C. § 271, or the plausibility standard of *Twombley* and *Iqbal*, the motion to dismiss is granted with leave to amend.

        Plaintiff may file an amended complaint no later than September 29, 2022.  The Clerk of the Court shall terminate ECF No. 11.

SO ORDERED.

Dated:     August 25, 2022               /s/ Alvin K. Hellerstein
             New York, New York        ALVIN K. HELLERSTEIN
                                                       United States District Judge

---

[1] Because a motion to dismiss tests the sufficiency of the pleadings, a district court ordinarily may consider only: the facts alleged in the complaint, documents attached as exhibits, and documents incorporated by reference.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 103, 111 (2d Cir. 2010).  Although the Complaint does not expressly reference Defendant's website, the Complaint plainly "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the [C]omplaint."  *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).  Accordingly, I consider the exhibits offered by Defendant because the (select) screenshots offered by Plaintiff render the website in full "integral to the complaint."  *Id.*